**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Rozich, | No. CV-23-00210-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| MTC Financial Incorporated, et al., | |
| Defendants. | |

On May 2, 2024, Plaintiff filed a notice of bankruptcy filing, informing the Court that Plaintiff "has filed a bankruptcy petition in the United States Bankruptcy Court, for the District of Arizona, thereby invoking the provisions of the Automatic Stay under § 362 of the Bankruptcy Code, 11 U.S.C. § 362." (Doc. 52 at 1.) Plaintiff "requests this Court stay this matter." (*Id.* at 2.)

A petition for bankruptcy "operates as a stay" as to, *inter alia*, "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding *against* the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim *against* the debtor that arose before the commencement of the [bankruptcy case]." 11 U.S.C. § 362(a)(1) (emphasis added). "The policy behind § 362 is to protect the estate from being depleted by creditors' lawsuits and seizures of property in order to provide the debtor breathing room to reorganize." *In re Palmdale Hills Prop., LLC*, 423 B.R. 655, 663 (B.A.P. 9th Cir. 2009).

"Although the scope of the automatic stay is broad, it does not stay all proceedings.

. . . [T]he automatic stay has been found inapplicable to lawsuits initiated by the debtor."[1] *Id.  See also In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 875 (9th Cir. 2011) ("The [automatic] stay does not prevent a plaintiff/debtor from continuing to prosecute its own claims nor does it prevent a defendant from protecting its interests against claims brought by the debtor.  This is true, even if the defendant's successful defense will result in the loss of an allegedly valuable claim asserted by the debtor.") (citation omitted); *In re Merrick*, 175 B.R. 333, 338 (B.A.P. 9th Cir. 1994) ("While it is true that a successful defense to a lawsuit eliminates its alleged value, this results in no loss to the estate, as . . . [t]here can be no loss of what does not exist.").

There is no automatic stay of this action, nor has Plaintiff provided any alternative grounds in support of his request to stay this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's request to stay this action (Doc. 53) is **denied**.

**IT IS FURTHER ORDERED** that the deadline for First Citizens Bank & Trust Company to file a reply brief in support of its motion to dismiss (Doc. 50) is *sua sponte* extended one business day, from today, May 3, 2024, to Monday, May 6, 2024.

Dated this 3rd day of May, 2024.

Dominic W. Lanza
United States District Judge

---

[1]     In "cases in which the debtor and the adverse party have claims against one another," "some actions may be stayed, others not."  *Parker v. Bain*, 68 F.3d 1131, 1137 (9th Cir. 1995).  Here, there are no counterclaims, cross claims, or third-party claims—*i.e.*, no claims *against* the debtor or the estate.